**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT WADE FERGUSON and | | |
| WENDY THOMPSON FERGUSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-279 |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| CORP. fka THE BANK OF NEW YORK, *et al.* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.    Background**

The plaintiffs, Robert and Wendy Ferguson, defaulted on their mortgage loan and sued to

stop the lender from foreclosing.  On February 22, 2006, they obtained a $510,000 home-mortgage

loan from Countrywide Home Loans to purchase a home in Montgomery, Texas.  (First Amended

Complaint ("FAC"), Docket Entry No. 7, at ¶ 26).  They signed a promissory note stating that they

owed $510,000 to Countrywide and its successors and assignees.  (The "Note," FAC, Ex. 1).  The

Note was secured by a deed of trust naming Mortgage Electronic Registration Systems, Inc.

("MERS") as the nominee for Countrywide.  ("Deed of Trust," FAC, Ex. 2).  The Deed of Trust

stated that "MERS is a beneficiary under this Security Instrument" and gave MERS the right to act

for Countrywide and its successors and assignees.  (FAC, Ex. 2 ¶ E).  The Deed of Trust stated:

> Borrower understands and agrees that MERS holds only legal title to
> the interests granted by Borrower in this Security Instrument, but, if
> necessary to comply with law or custom, MERS (as nominee for
> Lender and Lender's successors and assigns) has the right: to exercise
> any or all of those interests, including, but not limited to, the right to
> foreclose and sell the Property; and to take any action required of

> Lender including, but not limited to, releasing and canceling this
> Security Instrument.

(FAC, Ex. 2 at 3).

On September 16, 2011, MERS assigned the Deed of Trust and Note to the Bank of New York Mellon. (FAC ¶ 72; Ex. 3). The Bank of New York was the trustee of the trust that held the plaintiffs' and other homeowners' mortgages. The assignment was recorded in the Harris County public records. The Fergusons defaulted on the Note and the Bank of New York began foreclosure proceedings.

On February 6, 2013, the Fergusons filed their original complaint, seeking to stop the foreclosure, naming the Bank of New York as the defendant. (Docket Entry No. 1). The Bank of New York moved to dismiss. (Docket Entry No. 3). On March 5, 2013, the plaintiffs filed a suggestion of bankruptcy. This court stayed and administratively closed the case, permitting the Fergusons to reopen after the stay was lifted. (Docket Entry Nos. 4, 5). The stay ended and the Fergusons filed a motion to reinstate, which the court granted. (Docket Entry Nos. 6, 10). The Fergusons filed an amended complaint, adding MERS and Residential Credit Solutions as defendants. (Docket Entry No. 7).

It is difficult to tell from the amended complaint what causes of action are asserted. The Fergusons appear to seek a declaratory judgment that neither the Bank of New York nor any other entity may foreclose on the theory that MERS lacked authority to assign the Note and Deed of Trust to the Bank of New York and that the assignment violated the applicable Pooling and Service Agreement ("PSA"). The Fergusons also asserted a fraud claim under § 12.002 of the Texas Civil Practice and Remedies Code.

After reviewing the pleadings; the motion, response, and related submissions; and the

2

applicable law, the court grants the defendants' motion to dismiss and enters final judgment by separate order.  The reasons are explained below.

## II.     The Legal Standard for Motions to Dismiss and For Leave to Amend

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). [C]ourts may also consider matters of which they may take judicial notice." *Id.* at 1017–18.  A court may, however, "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001). The court may consider such extrinsic materials as matters of public record without converting the motion into one seeking summary judgment.

When a plaintiff's complaint fails to state a claim, the court should generally give the

plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))). *Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon

4

which relief can be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

## III.   Analysis

### A.   The Claim that the Defendants Have No Right to Foreclose

The Fergusons contend that the Bank of New York and its agents may not foreclose because of alleged defects in the assignment and securitization of the Note and Deed of Trust. Although the Fergusons agree that "MERS as the mortgagee in a Security Instrument . . . may serve as the nominee or agent of the lender and its successors and assign[ees]," (Docket Entry No. 9 at 9–10), they argue that in this case, MERS did not have the power to assign the Note and Deed of Trust and therefore that the defendants lacked the authority to foreclose.

The uncontroverted documents in the record establish that MERS had the authority to assign the Note and Deed of Trust and that the defendants had the right to foreclose on default. The Deed of Trust states in the section titled "Transfer of Rights in the Property" that "[t]he beneficiary under this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." (FAC, Ex. 2 at 3). The Deed of Trust later states that MERS holds "legal title to the interests granted by Borrower in this Security Instrument" and that "MERS (as nominee for Lender and Lender's successors and assigns) has the right[] to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." (*Id.*). The language demonstrates MERS's authority under the Deed of Trust to assign its interests to another party, in this case the Bank of New York.

The case law firmly recognizes and establishes MERS's authority to assign. In rejecting arguments similar to those raised in this case, the Fifth Circuit has repeatedly held that "'Texas

recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable.'"
*Singha v. BAC Home Loans Servicing, L.P.*, No. 13–40061, 2014 WL 1492301, at *2 (5th Cir. Apr.
17, 2014) (per curiam) (unpublished) (quoting *Martins v. BAC Home Loans Servicing, L.P.*, 722
F.3d 249, 253 (5th Cir. 2013)).  In *Singha*, the Fifth Circuit affirmed the district court's dismissal
of a similar case involving a similar deed of trust, stating: "MERS was an original beneficiary of the
deed of trust.  MERS, then, had the right to and did assign its interest in that instrument to [the loan
servicer]."  *Id.* at *3.

The Fifth Circuit has also held, in a very similar case, that plaintiffs like the Fergusons lack
standing to challenge facially valid assignments.  *See Reinagel v. Deutsche Bank Nat'l Trust Co.*,
735 F.3d 220, 228 (5th Cir. 2013) ("[U]nder Texas law, facially valid assignments cannot be
challenged by want of authority except by the defrauded assignor."); *Golden v. Wells Fargo Bank,
N.A.*, No. 13–50158, 2014 WL 644549, at *2 (5th Cir. Feb. 20, 2014)  (per curiam) (unpublished)
(same); *see also Fulcrum Enters., LLC v. Bank of Am., N.A.*, No. 13-cv-1930, 2014 WL 1669098,
at *3 (S.D. Tex. Apr. 25, 2014); *Lopez v. Sovereign Bank, N.A.*, No. 13-cv-1429, 2014 WL 1315834,
at *7 (S.D. Tex. Mar. 31, 2014); *Van Duzer v. U.S. Bank Nat. Ass'n*, No. 13-cv-1398, 2014 WL
357878, at *8 (S.D. Tex. Jan. 31, 2014); *Felder v. Countrywide Home Loans*, No. 13-cv-0282, 2013
WL 6805843, at *18 (S.D. Tex. Dec. 20, 2013); *Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.*,
No. 13-cv-0734, 2013 WL 5781240, at *13 (S.D. Tex. Oct. 25, 2013).  The Fergusons do not have
standing to make the claim they assert as their basis to challenge the defendants' authority to
foreclose.

The Fergusons also lack standing to challenge the assignment on the basis that it violated the
applicable PSA.  Under *Reinagel*,  even if the Fergusons had pleaded that the assignment violated
the PSA, they could not state a claim as a matter of law because they are neither parties to, nor

intended beneficiaries of, the assignment.  *See Reinagel*, 735 F.3d at 228.  The liability claim the

Fergusons raise has been roundly rejected by courts within the circuit.  *See, e.g.*, *Calderon v. Bank*

*of Am., N.A.*, 941 F. Supp. 2d 753, 765–66 (W.D. Tex. 2013); *Washington v. JP Morgan Chase*, No.

11-cv-763, 2013 WL 636054, at *8–9 (W.D. Tex. Feb. 20, 2013); *Sigaran v. U.S. Bank Nat. Ass'n*,

No. 12-cv-3588, 2013 WL 2368336, at *2–6 (S.D. Tex. May 29, 2013).

       The Bank of New York, as the assignee of the validly assigned Deed of Trust, has the legal

authority to foreclose.  The Fergusons' claims that there were defects in the assignment and

securitization of the Note and Deed of Trust precluding foreclosure are dismissed.  The dismissal

is with prejudice, because further amendment could not cure the pleading deficiency and would be

futile.

    **B.**    **The Claim Under § 12.002 of the Texas Civil Practice and
Remedies Code**

       The Fergusons allege that MERS's assignment of the Note and Deed of Trust is a false lien

on the property.  Section 12.002(a) of the Texas Civil Practice and Remedies Code "prohibits the

use of fraudulent documents to establish a lien or claim against property."  *Golden*, 2014 WL

644549, at *1.  To state a claim under § 12.002, a plaintiff must plead facts, that if proven, would

show that the defendant "(1) made, presented, or used a document with knowledge that it was a

fraudulent lien or claim against real or personal property or an interest in real or personal property,

(2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical

injury, financial injury, or mental anguish."  *Golden*, 2014 WL 644549, at *3 (quoting *Henninq v.*

*OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App.—Dallas 2013, no pet.)) (internal quotation

marks omitted).

       The Fergusons alleged that the defendants violated the statute by "making[,] presenting[,]

or using a document or other record with knowledge that the document or other record is [a] fraudulent court record or a fraudulent lien or claim against real property or an interest in real property." (FAC ¶ 73). This claim fails because MERS's assignment was valid. The Deed of Trust expressly gave MERS the power to assign. District courts in Texas have consistently rejected substantially similar claims under § 12.002. *See, e.g.*, *Fulcrum Enterprises*, 2014 WL 1669098, at *4 (S.D. Tex. Apr. 25, 2014); *Johnlewis v. U.S. Bank, Nat. Ass'n,* No. 12-cv-3360, 2013 WL 5304050, at *5 (S.D. Tex. Sept. 20, 2013) (holding that a claim under § 12.002(a) based "on the allegation that MERS lacked authority to execute the Assignment" had "no basis in law or fact" (internal quotations omitted)); *Williams v. Bank of New York Mellon Trust Co., N.A.,* No.11-cv-3139, 2012 WL 1425127, at *3 (S.D. Tex. Apr. 24, 2012) (holding that a plaintiff's "conclusory allegation of fraud" under § 12.002 failed to state a claim when based on an assignment that "was notarized, filed, and recorded in the . . . County Clerk's office").

The Fergusons' lack of standing to challenge the assignment is yet another basis for dismissing the § 12.002 claim. *See, e.g.*, *Vickery v. Wells Fargo Bank, N.A.*, No. 11-cv-0243, 2013 WL 321662, at *9 (S.D. Tex. Jan. 28, 2013) (holding that because the plaintiff lacked standing to challenge the relevant assignment, "she cannot, as a matter of law, maintain a claim for violations of § 12.002 of the Texas Civil Practice and Remedies Code").

The Fergusons' § 12.002 claim also fails because MERS's assignment to the Bank of New York did not *create* a lien, which is an element of the cause of action. To the contrary, the assignment simply *transferred* the lien. *See, e.g.*, *Akins v. Wells Fargo Bank, N.A.*, No. 12-cv-41, 2013 WL 4735581, at *3 (E.D. Tex. Sept. 3, 2013) ("[T]he assignment at issue did not create a lien or claim against real property as contemplated by the statute. The assignment from MERS to Wells Fargo only purported to transfer an existing interest from one party to another.").

8

The Fergusons have failed to state a claim under § 12.002 . This claim is dismissed, with prejudice, because amendment could not cure the pleading deficiency and would be futile.[1]

## IV.    Conclusion

The defendants' motion to dismiss, (Docket Entry No. 8), is granted.  The plaintiffs' claims are dismissed, with prejudice.  Final judgment is separately entered.

SIGNED on June 23, 2014, at Houston, Texas.

_Lee H. Rosenthal_
Lee H. Rosenthal
United States District Judge

---

[1] To the extent that the plaintiffs' request additional declaratory relief, those requests are denied.  Such relief depends on claims that have been dismissed.  The declaratory relief claims must be dismissed as well.  *Davis v. Countrywide Home Loans, Inc.*, —— F. Supp. 2d ——, No. 13-cv-623, 2014 WL 838146, at *6 (S.D. Tex. Mar. 3, 2014); (citing *Val–Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011) (per curiam) (unpublished) (explaining that "[o]nce the district court had dismissed the underlying [substantive] claims, there were no claims for which [it] could grant declaratory relief") (alterations in the original)).